**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| A.M.H., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case Nos. 4:25-cv-483-CDL-AGH |
| | : | 4:26-cv-719-CDL-AGH |
| Warden, STEWART DETENTION | : | |
| CENTER, *et al.*, | : | |
| | : | |
| Respondents. | : | |

## ORDER AND RECOMMENDATION

Petitioner A.M.H. has two pending applications for habeas relief filed pursuant to 28 U.S.C. § 2241. For the reasons explained below, it is recommended that Respondents' motion to dismiss Petitioner's initial case as premature be granted. In Petitioner's second case, Petitioner's motions for leave to proceed *in forma pauperis* ("IFP") and for appointment of counsel are granted. The parties are ordered to consult and provide the Court with a briefing schedule, as outlined below.

### I.    Respondents' Motion to Dismiss

In his initial application for habeas relief, Petitioner alleged that he had been held in ICE custody in excess of the six-month timeframe allowed pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001), with no significant likelihood of removal to his native country of Cuba or any other country in the reasonably foreseeable future. Pet. 3-5, ECF No. 1, 4:25-cv-483-CDL-AGH. In their motion to dismiss filed on November 10, 2025, Respondents assert that Petitioner's *Zadvydas* claim is

premature because he filed his petition on December 17, 2025, but the six-month *Zadvydas* period did not expire until January 10, 2026. Resp'ts' Mot. to Dismiss 5-6, ECF No. 4. They also argue that Petitioner has failed to present evidence to show no significant likelihood of removal to Cuba or a third country. *Id.* at 7-9. The Court ordered Petitioner to respond to Respondents' motion to dismiss on January 14, 2026. Order 1-2, ECF No. 5, 4:25-cv-483-CDL-AGH. Petitioner failed to respond. Instead, Petitioner filed a second Petition for habeas relief. Pet., ECF No. 1, 4:26-cv-719-CDL-AGH.

The Court construes the filing of Petitioner's second petition as an admission that his initial *Zadvydas* claim was premature. Based upon this admission, it is **RECOMMENDED** that the Court grant Respondents' motion to dismiss (ECF No. 4) and dismiss Petitioner's initial petition as premature.[1]

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. See M.D. Ga. L.R. 7.4. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

Pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a

---

[1] The Court typically consolidates duplicative cases. However, given the Court's recommendation that Petitioner's first petition be dismissed as premature, the Court finds consolidation to be futile in this circumstance.

magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

## II.    Order Granting IFP and Appointing Counsel

In case number 4:26-cv-719-CDL-AGH, Petitioner filed a motion for IFP (ECF No. 3) and a motion to appoint counsel (ECF No. 2).  As it appears Petitioner is unable to pay the cost of commencing this action, his application to proceed IFP is **GRANTED**.  In his motion to appoint counsel, Petitioner alleges that he does not have the financial resources to retain counsel and contends appointment of counsel is necessary due to the complex issues in this case and the need for assistance of counsel at an evidentiary hearing.  Mot. to Appoint Couns., ECF No. 2, Case No. 4:26-cv-719-CDL-AGH.

In this second petition, Petitioner asserts the same *Zadvydas* claim as discussed above.  Pet. 4-7, ECF No. 1, Case No. 4:26-cv-719-CDL-AGH.  Under the circumstances of this case and given the lack of a clear and developed record, the Court concludes that an evidentiary hearing may be necessary.  In order to facilitate the evidentiary hearing, and in compliance with Rule 8(c) of the Rules Governing Habeas Corpus Cases Under Section 2254—which this Court is applying to

3

Petitioner's § 2241 Habeas case under Rule 1 of those Rules—the Court **GRANTS** Petitioner's motion (ECF No. 2) and appoints Willis Miller of the Immigration Clinic of Georgia State University College of Law as *pro bono* counsel for Petitioner.

The parties are ordered to confer and present to the Court within fourteen (14) days a scheduling order addressing the following:

1) the timeframe necessary for Petitioner to file an amended petition;

2) whether discovery is necessary and, if so, the scope and timeframe of such discovery;

3) a briefing schedule;

4) proposed dates for the evidentiary hearing, if necessary; and

5) any other matters the parties deem pertinent.

Any disagreement by the parties should be outlined in the submitted order so the Court can resolve them.

**SO ORDERED and RECOMMENDED**, this 11th day of June, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

4